RICHARD A. LAPPING (SBN 107496)
TRODELLA & LAPPING LLP
540 Pacific Avenue
San Francisco, CA 94133
Telephone: (415) 399-1015
Facsimile: (415) 651-9004
*Rich@TrodellaLapping.com*

MARK J. ROMEO (Bar # 112002)
LAW OFFICES OF MARK J. ROMEO
235 Montgomery Street, Suite 400
San Francisco, CA 94104
Telephone: (415) 395-9315
Facsimile: (415) 288 9755
*romeolaw@msn.com*

Co-Counsel for 1469 Grant Ave., LLC

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Case No. 18-30773 HLB |
| ANDREW LINTON, | Chapter 11 (Involuntary, Petition Dismissed) |
|     Alleged Debtor. | **MOTION FOR RELIEF FROM STAY** |
| | Date: April 16, 2020<br>Time: 1:00 p.m.<br>Place: (Telephonic Appearances Only)<br>Courtroom 19, 16th Floor<br>450 Golden Gate Avenue<br>San Francisco, CA 94102<br>Judge: Hon. Hannah L. Blumenstiel |

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

    1429 Grant Ave., LLC ("Grant LLC") hereby moves (the "Motion") this Court for relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) (the "Motion"), to allow the completion of pretrial proceedings, trial, post-trial motions, any appellate proceedings, and enforcement of any orders or judgments issued in or in connection with the action styled <u>1429 Grant Ave., LLC, vs.</u>

1 Andrew Linton now pending in the Superior Court of San Francisco County ("Superior Court") as
2 Case No. CGC-17-557123 (the "Action").

3       This Motion is based on the accompanying Declaration and Request for Judicial Notice of
4 Richard A. Lapping ("RJN"), the points and authorities set forth below, and on such other and
5 further evidence and matters that the Court may consider at the hearing of the Motion.

6 **I.     INTRODUCTION AND SUMMARY OF THE FACTS**

7       This bankruptcy case (the "Case") was commenced by an involuntary petition filed by
8 Louisa Trifiletti. The involuntary petition by Louisa Trifiletti was dismissed on March 13, 2019
9 by order granting Linton's motion to dismiss. (ECF No. 63.) The involuntary petition joined by
10 Colpo Talpa LLC was dismissed on March 25, 2019, also by order granting Linton's motion to
11 dismiss. (ECF No. 69.) These were the only petitioning creditors, and no other creditor, except for
12 Grant LLC, has appeared in the Case.

13       In connection with the dismissal of the Colpo Talpa petition, the Court retained jurisdiction
14 to consider various motions by Linton, such that the Case has remained open even though the
15 petitions are dismissed. (ECF No. 69.)

16       On March 6, 2020, the Court entered its order granting the motion of Grant LLC to remand
17 the Action, then pending here as Adversary No. 18-03066, to the Superior Court. (Adversary ECF
18 no. 30.) Notwithstanding remand, Grant LLC remains subject to the automatic stay and unable to
19 prosecute the Action because this Case remains pending the Court's consideration of the above
20 motions by Linton, which have not been concluded.

21       Under Bankruptcy Code section 362(c)(2), the automatic stay continues until the earlies of
22 the time the case is closed, the time the case is dismissed, or until a discharge is granted. The Case
23 has not been closed or dismissed, and a discharge will not be granted in light of the dismissed
24 petitions. Accordingly, the automatic stay remains in effect.

25       Grant LLC submits that under applicable precedent and due to the unique posture of this
26 Case, that cause exists to lift the automatic stay as it serves no purpose, and would have terminated
27 shortly after the Court dismissed the petitions, but for the request by Linton to make motions that
28 are only now in prospect and that pertain only to personal damages claimed by Linton that have no

broader bankruptcy purpose, such as preserving the estate, pursuing avoidance actions, or otherwise addressing the rights of creditors.

## II. ARGUMENT

### A. Legal Standard for Relief from the Automatic Stay

A party may move for relief from automatic stay under 11 U.S.C. § 362, which provides that a bankruptcy court shall grant relief from the stay upon a showing of cause. 11 U.S.C. § 362(d)(1). Cause is determined on a case-by-case basis. *Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)*, 912 F.2d 1162, 1166 (9th Cir. 1990) (citation omitted). In determining whether cause exists to permit an action to proceed in a nonbankruptcy forum, courts often analyze the twelve factors set forth in *In re Curtis*, 40 B.R. 795 (Bankr. D. Utah 1984). These factors, known as the *Curtis* factors, are:

1. Whether the relief will result in a partial or complete resolution of the issues;
2. The lack of any connection with or interference with the bankruptcy case;
3. Whether the foreign proceeding involves the debtor as a fiduciary;
4. Whether a specialized tribunal has been established to hear the particular cause of action and whether that tribunal has the expertise to hear such cases;
5. Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation;
6. Whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question;
7. Whether the litigation in another forum would prejudice the interests of other creditors, the creditor's committee and other interested parties;
8. Whether the judgment claim arising from the foreign action is subject to equitable subordination;
9. Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f);
10. The interests of judicial economy and the expeditious and economical determination of litigation for the parties;
11. Whether the foreign proceedings have progressed to the point where the parties are prepared for trial; and
12. The impact of the stay and the balance of hurt.

*Curtis*, 40 B.R. at 799–800 (internal citations omitted); see also *In re Roger*, 539 B.R. 837, 844-45

(C.D. Cal. 2015); *In re Howrey,* 492 B.R. 19, 24 (Bankr. N.D. Cal. 2013); *Truebro, Inc. v. Plumberex Specialties Products, Inc. (In re Plumberex Specialties Products, Inc.)*, 311 B.R. 551, 559 (Bankr. C.D. Cal. 2004). The Ninth Circuit has recognized that "the *Curtis* factors are appropriate, nonexclusive, factors to consider in deciding whether to grant relief from the automatic stay to allow pending litigation to continue in another forum." *In re Kronemyer*, 405 B.R. 915, 921 (9th Cir. BAP 2009). While the Curtis factors are widely used to determine the existence of cause, not all of the factors are relevant in every case, nor is a court required to give each factor equal weight. *Plumberex*, 311 B.R. at 560. "The most important factor in determining whether to grant relief from the automatic stay to permit litigation against the debtor in another forum is the effect of such litigation on the administration of the estate." *Roger*, 539 B.R. at 846, citing *Curtis*, 40 B.R. at 806.

### B. Application of the *Curtis* Factors

Grant LLC submits that no extended discussion of the *Curtis* factors is required, as the Court has already considered and ruled on the Motion to Remand, which presented substantially similar issues, such as the effect on administration of the estate. Here, there is no estate to be administered, and but for the Court's need to consider Linton's post dismissal motions, the Case would be closed and the automatic stay terminated. Under these circumstances, the outcome of the Action can have no effect on or interference with the bankruptcy estate or the Case.

### III. CONCLUSION

The relevant factors all point to lifting the automatic stay to permit the continuation of the Action that has already been remanded to state court. Based on all of the foregoing, the Court should grant the Motion.

DATED: April 2, 2020                    TRODELLA & LAPPING LLP

By     */s/ Richard A. Lapping*
         Richard A. Lapping
         Co-Counsel for
         1469 Grant Ave., LLC

Trodella & Lapping LLP
540 Pacific Avenue
San Francisco, CA 94133